Dear Treasurer Kennedy:
Your request for an Attorney General's Opinion regarding a supplemental appropriation from the general fund to the Board of Regents has been assigned to me for research and reply.
You indicated that, in Section 6.B. of Act No. 122 of the 2009 Regular Session ("Act 122"), effective July 1, 2009, the Legislature provided the following with regard to certain supplemental appropriations:
B. Appropriations contained in this Section which are designated as "Contingent upon Appropriations from the Budget Stabilization Fund" shall not become effective until the Official Forecast for Fiscal Year 2009-2010 is revised over and above the official forecast adopted May 21, 2009 to incorporate revenues made available for appropriation from the Budget Stabilization Fund as provided in Article VII, Section 10.3 of the Constitution. In the event that the State General Fund (Direct) revenues from appropriations from the Budget Stabilization Fund are insufficient to fully fund all items contained in this Section which are designated as "Contingent upon Appropriations from the Budget Stabilization Fund", then such State General Fund (Direct) appropriations shall be reduced on a pro rata basis to the extent of monies available. The commissioner of administration is authorized to adjust other means of financing only to the extent necessary as a result of funding items contained herein.
Additionally, on page 42 of Act 122, the Legislature made the following contingent appropriation: *Page 2 
 SUPPLEMENTARY BUDGET RECOMMENDATIONS
(Contingent upon Appropriations from the Budget Stabilization Fund-See Section 6.B)

Payable out of the State General Fund (Direct)
to the Board of Regents
to be used for higher education initiatives $ 86,177,032

With respect to the above-cited appropriation to the Board of Regents, House Concurrent Resolution No. 236 of the 2009 Regular Session of the Legislature was approved effective June 26, 2009 after receiving in excess of the required two-thirds vote (consent). The operative provisions of that resolution are as follows:
THEREFORE, BE IT RESOLVED that the Legislature of Louisiana does hereby consent to and authorize the Revenue Estimating Conference to incorporate $86,177,032.33 of the Budget Stabilization Fund into the official forecast for Fiscal Year 2009-2010.[1]
BE IT FURTHER RESOLVED that the Legislature of Louisiana does hereby declare its intention to use the funds made available for appropriation as a result of the incorporation of a portion of the Budget Stabilization Fund into the official forecast for Fiscal Year 2009-2010.
Further, you indicated that, in the two previous instances when the Legislature used Budget Stabilization Fund monies to fund appropriations from the general fund, there was in each instance an express appropriation of the designated amounts of monies from the Budget Stabilization Fund to the general fund in the supplemental appropriations bill for the year in question.[2]
In view of the lack of a similar, express appropriation from the Budget Stabilization Fund in Act 122, you ask whether the Treasurer is properly authorized to transfer the $86,177,032 from the Budget Stabilization Fund to the general fund in order to pay the above-cited appropriation from the general fund to the Board of Regents.
First, we note that La.Const. Art. Ill, § 16(A) provides that "[e]xcept as otherwise provided by this constitution, no money shall be withdrawn from the state treasury except through specific appropriation, and no appropriation shall be made under the heading of contingencies or for longer than one year." *Page 3 
Similarly, under La.Const. Art. VII, § 10(D)(1), "[e]xcept as otherwise provided by this constitution, money shall be drawn from the state treasury only pursuant to an appropriation made in accordance by law."
Additionally, La.Const. Art. VII, § 10.3(C), in pertinent part, provides the following with regard to the Budget Stabilization Fund:
(C) The money in the fund shall not be available for appropriation or use except under the following conditions:
(1) If the official forecast of recurring money for the next fiscal year is less than the official forecast of recurring money for the current fiscal year, the difference, not to exceed one-third of the fund shall be incorporated into the next year's official forecast only after the consent of two-thirds of the elected members of each house of the legislature. If the legislature is not in session, the two-thirds requirement may be satisfied upon obtaining the written consent of two-thirds of the elected members of each house of the legislature in a manner provided by law.
In the current instance, the appropriation from the general fund to the Board of Regents was made contingent upon the Official Forecast for Fiscal Year 2009-2010 being "revised over and above the official forecast adopted May 21, 2009 to incorporate revenues made available for appropriation from the Budget Stabilization Fund" pursuant to La.Const. Art. VII, § 10.3(C). That section of the constitution is an exception to the general rule disallowing contingent appropriations in La.Const. Art. Ill, § 16(A).
By enacting Act. No. 122 and House Concurrent Resolution No. 236 in compliance with La.Const. Art. VII, § 10.3(C), the Legislature made the $86,177,032 from the Budget Stabilization Fund available for appropriation or use. Thus, the appropriation passes constitutional muster under the provision of La.Const. Art. Ill, § 16(A) prohibiting contingent appropriations.[3]
Next, we examine whether a transfer from the Budget Stabilization Fund to the general fund would be violation of the provision of La.Const. Art. Ill, § 16(A) that requires that "no money shall be withdrawn from the state treasury except through specific appropriation" or the similar provision contained in La.Const. Art. VII, § 10(D)(1), which is cited above.
In Louisiana Public Facilities Authority v. Foster, [4] the Louisiana Public Facilities Authority (LPFA) challenged the constitutionality of a legislative act that, in part, *Page 4 
transferred $5,000,000 from the LPFA to the state general fund. LPFA contended that the purported transfer would violate La.Const. Art. Ill, § 16(A). Nevertheless, the Louisiana Supreme Court determined that, because the LPFA was a public entity, the $5,000,000 was not withdrawn from the state treasury.
Here, we have a similar situation in that a transfer from the Budget Stabilization Fund to the general fund would not require money to be withdrawn from the state treasury. Both Budget Stabilization Fund and general fund monies are contained in the state treasury.[5] Thus, a transfer a transfer from the Budget Stabilization Fund to the general fund would not violate La.Const. Art. Ill, § 16(A) or La.Const. Art. VII, § 10(D)(1).
We agree that, out of an abundance of caution, the legislature should have expressly provided for a transfer from the Budget Stabilization Fund to the general fund as it did in the past; however, we do not believe that an express appropriation transferring the Budget Stabilization Fund monies from that fund to the general fund is mandated by law.
Thus, it is the opinion of this office that, considering the above-cited provisions of Act 122 and House Concurrent Resolution No. 236 and the applicable constitutional, statutory and jurisprudential authorities, the Treasurer is properly authorized to transfer the $86,177,032 from the Budget Stabilization Fund to the general fund in order to pay the appropriation from the general fund to the Board of Regents.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
BY:__________________________ BENJAMIN A. HUXEN II Assistant Attorney General
JDC/BAH II
[1] The $86,177,032.33 was incorporated at a Revenue Estimating Conference on December 17, 2009.
[2] See page 12, lines 3-4 of Act. No. 432 of the 2003 Regular Session of the Louisiana Legislature and Section 1.B. of Act No. 642 of the 2006 Regular Session of the Louisiana Legislature.
[3] Moreover, the contingency upon which the appropriation was based was fulfilled prior to the effective date of Act 122 (July 31, 2009) when House Concurrent Resolution No. 236 of the 2009 Regular Session of the Legislature went into effect on June 26, 2009.
[4] 2001-0009 (La. 9/18/01), 795 So. 2d 288.
[5] See La.Const. Art. VII, § 10(J).